COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-324-CR

 

 

ROY LEE ALEX                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant Roy Lee Alex
appeals his forty-five year sentence after he pled guilty to driving while
intoxicated.  In one point, appellant
contends that the trial court abused its discretion in denying his motion to
change venue.  We affirm.








II.  Background Facts

On February 4, 2004,
appellant was indicted for the offense of driving while intoxicated.  The indictment contained two enhancement
paragraphs and three habitual count paragraphs. 
On February 10, 2005, the jury found appellant guilty of driving while
intoxicated, and after appellant pled true to the enhancement paragraphs, the
jury assessed his punishment at eighty-five years in the Institutional Division
of the Texas Department of Criminal Justice (TDCJ). On February 10, appellant
filed a motion for new trial on the basis that the verdict was Aagainst the law and the evidence in th[e] case.@[2]  The trial court granted the
motion on February 24, 2005. 








On February 15, 2005, the Hood
County News ran an article about appellant=s conviction and eighty-five year sentence.  The newspaper article stated, AThis was [appellant=s] third driving while intoxicated arrest and will be his third return
to prison for a felony conviction.@  On March 18, the Hood
County News ran another article about appellant=s first trial, this time focusing on his attorney, Shelton.  The article stated that Shelton had
represented appellant, and when she failed to show up for voir dire selection,
the trial judge sent his deputy out to bring her to the courthouse.  After the deputy located Shelton, she
conducted the voir dire examination, and Abefore she left the court, [the trial judge] told her not to be late
for [appellant=s] hearing
Thursday.@  However, after Shelton showed up late for the
hearing, the trial judge charged her with contempt of court.  

Two weeks before the hearing
on the motion to change venue, the Fort Worth Star-Telegram[3]
ran an article about Shelton being charged with contempt.  The article stated that Shelton was hired to
represent appellant at his Ajury trial for habitual driving while intoxicated,@ and during the trial, Shelton made no opening statement and did not
offer any evidence on appellant=s behalf.   

On March 31, 2005, appellant
filed a motion to change venue with two supporting affidavits.  In his motion, appellant alleged that there
was Aso great a prejudice@ against him in Hood County that he could not receive a fair trial. As
support for his contention, appellant stated that he is African American, and
no juror during his first trial was African American. Additionally, appellant
stated that the Hood County News ran two articles about his previous
sentence. 








At the April 8, 2005 hearing
on appellant=s motion to
change venue, the trial judge took judicial notice of the fact that the Hood
County News and the Fort Worth Star-Telegram are both newspapers of
general circulation and are Awidely read in [Hood] County.@  After hearing arguments from
both sides, the trial court denied the motion to change venue but stated that
if it determined  during voir dire
examination that there was Asome taint@ that would
prevent appellant from getting a fair trial, then it would, on its own motion,
grant the motion to change venue. 

On April 11, 2005, appellant
entered a plea of guilty and voir dire commenced for appellant=s second trial on punishment only. 
During voir dire, the prosecutor stated, 

I=ll
tell you, there=s
been something written about this case in the Hood County News.  And I want to ask by a show of hands, raise
your hand if you think you have read something about a felony DWI case where
the defendant charged was Roy Lee Alex. 
Anybody heard anything or read anything about this in the Hood County
News?@

 

The record reflects that none of the venire
members indicated that they had read anything about appellant or his previous
conviction.  

On April 12, 2005, after
hearing the evidence and arguments from both sides on punishment, the jury
assessed appellant=s punishment
at forty-five years in TDCJ.








III.  Change of Venue

In his sole point, appellant
contends that the trial court erred in denying his motion to change venue.

A.  Standard of Review

We review the denial of a
motion for change of venue under an abuse of discretion analysis.  Dewberry v. State, 4 S.W.3d 735, 744
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000); DeBlanc
v. State, 799 S.W.2d 701, 705 (Tex. Crim. App. 1990), cert. denied,
501 U.S. 1259 (1991).  The trial court
has the task of acting as fact-finder on the venue question.  Degarmo v. State, 922 S.W.2d 256, 262
(Tex. App._Houston [14th Dist.] 1996, pet. ref=d); see also Hathorn v. State, 848 S.W.2d 101, 109 (Tex. Crim.
App. 1992), cert. denied, 509 U.S. 932 (1993).  The trial court=s decision will not be disturbed so long as it is within the realm of
reasonableness.  Degarmo, 922
S.W.2d at 262; see also Narvaiz v. State, 840 S.W.2d 415, 428 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993).








B.  Applicable Law

Article 31.03 of the code of
criminal procedure addresses the circumstances under which a  defendant=s motion to change venue may be granted.  Tex.
Code Crim. Proc. Ann. art. 31.03 (Vernon 1989).  The relevant portion of the statute provides,

(a) A change of venue may be granted in any
felony or misdemeanor case punishable by confinement on the written motion of
the defendant, supported by his own affidavit and the affidavit of at least two
credible persons, residents of the county where the prosecution is instituted,
for either of the following causes, the truth and sufficiency of which the
court shall determine:

1. That there exists in the county where the
prosecution is commenced so great a prejudice against him that he cannot obtain
a fair and impartial trial.

 

Id. ' 31.03(a)1.  

For the defendant to prevail
in a motion to change venue, the defendant must demonstrate that publicity
about the case is pervasive, prejudicial, and inflammatory.  Degarmo, 922 S.W.2d at 261; see
also DeBlanc, 799 S.W.2d at 704.  In
other words, a defendant must demonstrate an actual, identifiable prejudice
attributable to pretrial publicity on the part of the community from which
members of the jury will come.  Degarmo,
922 S.W.2d at 261.  The mere fact that a
defendant received pretrial publicity in the media does not automatically
entitle him to a venue change.  Id.  








C.  Analysis

At the change of venue
hearing, appellant and his attorney testified that appellant would not be able
to obtain a fair trial in Hood County because the newspaper articles Apolluted@ the jury
panel so that they would assume appellant=s guilt.  Appellant testified
that everyone in the community and at the jail knew and talked about his
case.  However, appellant also testified
that he had been incarcerated since his previous trial and did not know anyone
in Hood County; therefore, he had not personally heard anyone in Hood County
discussing his case.  Moreover, appellant
conceded that the February 15 article in the Hood County News was the
only article that talked about his conviction.[4]
Additionally, during voir dire examination, the jury did not indicate that they
knew anything about appellant.[5]









Further, appellant argues
that he could not receive a fair trial in Hood County because he is African
American.  As support for his contention,
appellant cites to the affidavits and his attorney=s testimony that he could not receive a fair trial because he is
African American and that during the previous trial, no juror was African American.  However, the State produced  controverting affidavits in which both
affiants stated, AAfrican
American citizens of Hood County, Texas are not excluded from selection for
venires or petit juries.  At least one
African American served on a petit jury in a felony criminal case last month,
which was March of 2005.@  After reviewing the testimony and exhibits
presented at the hearing on the motion to change venue, we hold that the trial
court did not abuse its discretion in overruling appellant=s motion.  We overrule appellant=s sole point. 

IV.  Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 2, 2006











[1]See Tex. R. App. P. 47.4.





[2]At
his first trial appellant was represented by Catherine Shelton. The motion for
new trial alleged problems with Shelton=s representation of
appellant  during the trial.  





[3]The Fort
Worth Star-Telegram ran a second article about Shelton; however, it was not
introduced at the venue hearing.  





[4]However,
in his brief, appellant contends that the other articles mentioned his
sentence.





[5]When
voir dire began, two months had elapsed since the first article in the Hood
County News had been published and a little less than a month had passed
since the second article in the Hood County News had been published.